IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,          :
                                   :
            Plaintiff,             :
                                   :
      v.                           :  Criminal Action No. 08-147-JJF
                                   :
HAROLD FITZGERALD,                 :
                                   :
            Defendant.             :

Ilana H. Eisenstein, Esquire, Assistant United States Attorney
and Shawn A. Weede, Esquire, Assistant United States Attorney, of
the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.

Attorneys for Plaintiff.

Tariq Karim El-Shabazz, Esquire of EL-SHABAZZ & HARRIS LLC,
Philadelphia, Pennsylvania.

Attorney for Defendant.

**MEMORANDUM OPINION**

February 25, 2010
Wilmington, Delaware.

Farnan District Judge.

Pending before the Court is the Government's Motion In Limine To Admit Evidence Of Defendant's Continuous Relationship With Drug Confederates. (D.I. 43.) Through the instant Motion, the Government seeks a pre-trial ruling permitting testimony from Defendant's alleged co-conspirators regarding Defendant's role in the alleged conspiracy between late 2004 and the charged conspiracy period, March 2006 through January 2007. Defendant Harold Fitzgerald opposes this Motion. (D.I. 55.) For the reasons discussed the Court will grant the Government's Motion.

## I. BACKGROUND

Defendant Fitzgerald is charged with four counts: conspiring between March 2006 and January 2007, to distribute five kilograms or more of cocaine (Count I), two counts of possession with intent to distribute cocaine on August 24, 2006 (Count II) and August 26, 2006 (Count III), and conspiring between March 2006 and August 2006 to commit money laundering. (D.I. 1.) These charges stem from an alleged cocaine distribution scheme with a number of co-conspirators in which cocaine was shipped from Texas to Delaware, Pennsylvania, and New Jersey, and cash was sent back to Texas.

The instant motion concerns testimony of three co-conspirators the Government intends to call at trial to testify

2

against Defendant.  (D.I. 43 at 2.)  Through this Motion the

Government seeks to establish the admissibility of certain

elements of the testimony of Robert Shepherd, Bradley Torrence,

Vanivan Fuller, Richard Pierce, and Rasheem Dollard covering

events before the charged conspiracy time period.  (Id.)

Specifically the Government seeks to admit the following

testimony:

(A) Testimony of Vanivan Fuller that he met the defendant
through Andele Johnson and began shipping cocaine to both
Johnson and the defendant in 2004, continuing through
Johnson's arrest in Spring 2005;

(B) Testimony of Robert Shepherd that he, the defendant, and
Johnson began pooling money to purchase cocaine from Fuller in
2004, and that in the Spring of 2005 through March 2006,
Shepherd dealt directly with Fuller to purchase kilograms of
cocaine, which he than sold to the defendant;

(C) Testimony of Bradley Torrence that he twice delivered
cocaine to the defendant on Shepherd's behalf in February
2006, just prior to Torrence's own arrest;

(D) Testimony of Richard Pierce that he had purchased cocaine
from the defendant, as well as from Johnson through the
defendant, at various point[s] in time in 2004 through 2006;

(E) Testimony of Rasheem Dollard that he saw the defendant
come to Shepherd's New Jersey apartment on several occasions
in late 2005 and early 2006, and on these occasions, the
defendant had brought large sums of cash for Shepherd.

(Id. at 6.)

## II. **PARTIES' CONTENTIONS**

The Government contends that the evidence it seeks to admit,

evidence of Defendant's ongoing drug relationship with members of

the conspiracy, is admissible at trial. The Government argues that the above cited testimony is not "other acts" evidence, but is intrinsic evidence relating to the drug conspiracy charge. (D.I. 43 at 7.) Consequently, the Government contends, the testimony is not excludable under Fed. R. Evid. 404(b), because evidence of crimes and bad acts is admissible to prove involvement in a conspiracy. (Id. at 7-10.) Specifically, the Government argues that the evidence in question relates not to different criminal conduct, but to prove the ongoing conspiracy Defendant was a part of. (D.I. 59 at 2-3.)

In the alternative, the Government argues that if the Court finds that Fed. R. Evid. 404(b) applies, the evidence is still admissible as an other act because it fulfills the four part test of admissibility. In this respect the Government contends that the evidence is offered "(1) to demonstrate defendant's role in the offense through his continuing relationships with co-conspirators; (2) to show defendant's knowledge, opportunity, and intent to enter into an agreement to distribute cocaine and to launder the proceeds of the cocaine conspiracy by shipping money parcels to Texas; and (3) to establish the absence of mistake or accident in the defendant's actions in picking up two Federal Express parcels fitting the conspiracy pattern, and in shipping parcels containing money to Texas." (D.I. 43 at 10.) Lastly, the Government argues that the evidence of prior relationships

4

with the witnesses satisfies the balancing test of Fed. R. Evid. 403. (D.I. 43 at 13.)

Defendant responds that the testimony should not be admitted under either theory presented by the Government. First, Defendant argues that the testimony is not intrinsic to the charged conspiracy, but is evidence of separate, unrelated, and uncharged crimes. (D.I. 55 at 1.) Second, Defendant argues that the testimony is not admissible under either Fed. R. Evid. 404(b) or 403. Mr. Fitzgerald contends that the evidence does not fit within the exceptions allowing other acts and is highly prejudicial. (Id. at 4.)

## III. GOVERNMENT'S CONTENTION THAT THE PROFFERED EVIDENCE IS INTRINSIC TO THE CHARGED CONSPIRACY

### A. Legal Principles

Federal Rule of Evidence 404(b) states, in pertinent part, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order show action in conformity therewith." Fed. R. Evid. 404(b). However, "Rule 404(b) 'does not apply to evidence of uncharged offenses committed by a defendant when those acts are intrinsic to the proof of the charged offense.'" United States v. Hoffecker, 530 F.3d 137, 189 (3d Cir. 2008) (quoting United States v. Gibbs, 190 F.3d 188, 217 (3d Cir. 1999)). Noting the confusion that often arises when evaluating the term, the Third Circuit defined

intrinsic acts as acts that "directly prove the charged conspiracy." United States v. Cross, 308 F.3d 308, 320 (3d Cir. 2002). In evaluating the admissibility of evidence that is found to be intrinsic, the Third Circuit stated that, "[e]ven if the evidence is extremely prejudicial to the defendant, the court would have no discretion to exclude it because it is proof of the ultimate issue in the case." Hoffecker, 530 F.3d at 189 (internal quotation omitted).

## B. Decision

In order for the Government to show that the testimony in question is intrinsic evidence, or suggests proving the charged conspiracy, it must demonstrate that the testimony goes to proving the elements of a conspiracy. "The essential elements of a drug distribution conspiracy under 21 U.S.C. § 846 are: (1) a shared unity of purpose, (2) an intent to achieve a common goal, and (3) an agreement to work together toward the goal." United States v. Iglesias, 535 F.3d 150, 156 (3d Cir. 2008) (internal quotation omitted).

The Court concludes that the testimony in question is intrinsic to the charged conspiracy and thus admissible. Although the events that will be testified to took place before the charged conspiracy period, they go directly to proving an ongoing conspiracy that included the charged period. The subject evidence, which concerns events between 2004 and 2006, tends to

prove the conspiracy alleged.

In the Court's view the evidence in question is intrinsic evidence, much like the evidence in the Gibbs and Amadioha cases. In Gibbs, the court found that evidence of the "use of violence to further the illegal objectives of the cocaine conspiracy by removing threats to himself (since threats to Gibbs meant threats to the trafficking enterprise) [was intrinsic, thus], the District Court did not abuse its discretion in permitting this evidence to come in." Gibbs, 190 F.3d at 218. This finding is analogous to the instant situation because it allowed admission of evidence of non-charged criminal activity that was related to the furtherance of the conspiracy. In the instant case, the evidence in question presents the relationship of Defendant with drug confederates and instances of non-charged criminal activity that were carried out in furtherance of the overall, alleged conspiracy. The evidence relates to events that clearly demonstrate intent and conduct to achieve a common goal of cocaine distribution, and thus further the alleged conspiracy.

Similarly, the unreported case of United States v. Amadioha, 37 Fed. Appx. 594, 596 (3d Cir. 2002), deals with the use of uncharged criminal activity to demonstrate a conspiracy. The Amadioha court determined four packages of heroin, not included in the charges, were intrinsic evidence of the charged drug conspiracy because the presence of the packages showed that

multiple parties were engaged in the smuggling and distribution of heroin.  Id.  This is similar to the situation here where uncharged evidence of drug distribution and Defendant's relationship with drug confederates is being used to show the existence of an ongoing drug distribution conspiracy.

Ultimately, the Court is not convinced by Defendant's argument that the evidence in question concerns unrelated criminal activity.  The Court concludes that the testimony does go directly to proving the charged conspiracy, making it intrinsic evidence, and is thus admissible independently of Fed. R. Evid. 404(b).

Because of the Court's decision, the Court need not address admissibility  under Fed. R. Evid. 404(b).

## V. CONCLUSION

For the reasons discussed, the Court will grant the Government's Motion In Limine To Admit Evidence Of Defendant's Continuous Relationship With Drug Confederates.  (D.I. 43.)

An appropriate order will be entered.