IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 08-147-JJF |
| HAROLD FITZGERALD, | : | |
| Defendant. | : | |

Ilana H. Eisenstein, Esquire, Assistant United States Attorney and Shawn A. Weede, Esquire, Assistant United States Attorney, of the OFFICE OF THE UNITED STATES ATTORNEY, Wilmington, Delaware.

Attorneys for Plaintiff.

Tariq Karim El-Shabazz, Esquire of EL-SHABAZZ & HARRIS LLC, Philadelphia, Pennsylvania.

Attorney for Defendant.

**MEMORANDUM OPINION**

March 2, 2010
Wilmington, Delaware.

Farnan, District Judge.

Pending before the Court are the Government's Motion In Limine For A Conditional Ruling Under Fed. R. Evid. 104(b) Regarding Admissibility Of Coconspirator Statements (D.I. 45) and Motion To Admit Audio Recordings. (D.I. 46.) Defendant Harold Fitzgerald opposes the Motion On Admissibility of Coconspirator Statements. (D.I. 56.) For the reasons discussed within, the Court will grant both motions.

I. BACKGROUND

Defendant Fitzgerald is charged with four counts: one count of conspiring between March 2006 and January 2007, to distribute five kilograms or more of cocaine (Count I); two counts of possession with intent to distribute cocaine, on August 24, 2006 (Count II) and August 26, 2006 (Count III); and one count of conspiring between March 2006 and August 2006 to commit money laundering (Count IV). (D.I. 1.) These charges stem from an alleged cocaine distribution scheme with a number of co-conspirators in which cocaine was shipped from Texas to Delaware, Pennsylvania, and New Jersey, and cash was sent back to Texas.

The instant motion seeks the conditional admissibility of a number of recorded conversations between Robert Shepherd and Vanivan Fuller subject to the presentation of certain evidence at trial. Both Shepherd and Fuller have pled guilty to a drug conspiracy. The recorded conversations took place between

December 2006 and January 2007 following Shepherd's arrest, at which time Fuller believed Shepherd was on house arrest, but Shepherd was actually in federal custody. The conversations include a discussion of how Defendant picked up two kilograms of cocaine from Fuller and how Fuller and Shepherd planned to continue using Defendant in the conspiracy. (See D.I. 45 Ex. 1.)

## II. DEFENDANT'S CONTENTIONS

Defendant argues that the Government has not proffered sufficient evidence to prove that Defendant was a co-conspirator of Fuller and Shepherd because the proffered evidence only establishes that Defendant was an occasional buyer and seller for Shepherd. (Id. at 3.) Defendant also contends that a pre-trial evidentiary hearing would not be a waste of judicial resources because it would be short and relatively simple. (Id. at 3-4.) And lastly, Defendant contends that the Government must establish reliability of the statements in the context of the Sixth Amendment's Confrontation Clause. (Id. at 4-6.)

## III. LEGAL PRINCIPLES

The Supreme Court, in United States v. Bourjaily, 483 U.S. 171 (1987), established that "a court, in making a preliminary factual determination under [Fed. R. Evid.] 801(d)(2)(E), may examine the hearsay statements sought to be admitted." Id. at 181. This standard was used by the Third Circuit to establish a four-part test by which a district court can establish the

admissibility of co-conspirator statements. <u>United States v. McGlory</u>, 968 F.2d 309, 334 (3d Cir. 1992). The <u>McGlory</u> court established that the statement of a co-conspirator is admissible under Fed. R. Evid. 801(d)(2)(E) if it is shown:

> (1) that a conspiracy existed; (2) that declarant and the party against whom the statement is offered were members of the conspiracy; (3) the statement was made in the course of the conspiracy; and (4) the statement was made in furtherance of the conspiracy.

<u>Id.</u> (citing <u>Bourjaily</u>, 483 U.S. at 175); <u>see also</u>, <u>United States v. Bobb</u>, 471 F.3d 491, 498 (3d Cir. 2006)(reciting the same test but collapsing elements 3 and 4 into a single element). In order to establish admissibility, the Government must prove the necessary elements by a preponderance of the evidence. <u>Bourjaily</u>, 483 U.S. at 181. In evaluating whether the Government has met that burden, courts are permitted to look at the challenged statements themselves. <u>Id.</u> at 179-80.

**IV. DECISION**

The Government argues that it has proffered evidence sufficient to meet the admissibility factors set forth in <u>McGlory</u>. As noted previously, Defendant contends that the statements offered by the Government only establish minimal participation by Defendant in drug transactions.

After considering the Government's proffered evidence, the Court concludes the Government will adduce sufficient evidence at trial to establish the admissibility of the proffered statements

under McGlory.  Of course, if the Government fails to adduce the evidence it has represented will be produced at trial, Defendant may make an appropriate motion.

## V. MOTION TO ADMIT AUDIO RECORDINGS

Subsequent to the Government's Motion For A Conditional Ruling Of Admissibility Of Coconspirator Statements (D.I. 45), the Government filed its Motion To Admit Audio Recordings.  (D.I. 46.)  Because of the Court's decision to conditionally admit co-conspirator statements and because Defendant has not objected to the recordings or transcripts of the recordings, the Court will grant the instant motion.

## VI. CONCLUSION

For the reasons discussed, the Court will grant the Government's Motion In Limine For A Conditional Ruling Under Fed. R. Evid. 104(b) Regarding Admissibility Of Coconspirator Statements (D.I. 45) and Motion To Admit Audio Recordings.  (D.I. 46.)

An Order has be entered.