IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Criminal Action No. 08-147-JJF |
| HAROLD FITZGERALD, | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Harold Fitzgerald's Motion For Judgment Of Acquittal. (D.I. 92.) By his Motion, Mr. Fitzgerald seeks acquittal on Count IV of his indictment, conspiracy to commit money laundering, on the grounds that the evidence presented at trial showed nothing more than a drug transaction, and was thus, insufficient to prove conspiracy to commit money laundering.

**I. BACKGROUND**

On September 19, 2008, the federal grand jury for the District of Delaware issued a four-count Indictment against Mr. Fitzgerald. (D.I. 2.) The first three counts constituted conspiracy to distribute and knowing possession of cocaine. (Id.) Count IV charged Mr. Fitzgerald with conspiracy to commit money laundering under 18 U.S.C. § 1956. (Id.)

The Court conducted a jury trial from March 8, 2010, to March 15, 2010, which resulted in a jury verdict finding Mr. Fitzgerald guilty on all four Counts. (D.I. 79.) At the close

of the Government's case, Mr. Fitzgerald made a Motion For Judgment of Acquittal concerning Counts I and IV. The Court denied the Motion as it related to Count I, and reserved decision on Count IV. Following trial, the parties provided briefing on the instant Motion for Acquittal on Count IV. (See D.I. 92, 93.)

At trial, the Government presented evidence and testimony showing that Mr. Fitzgerald was a part of an ongoing cocaine distribution ring in which he received shipments of cocaine sent from Texas to apartment complexes in the greater Philadelphia area and sent cash acquired through the sale of the cocaine back to Texas through Federal Express. (See, e.g., Trial Tr. of Robert Shepard (Mar. 9) and Vanivan Fuller (Mar. 10).)

## II. LEGAL STANDARD ON A MOTION FOR ACQUITTAL

Under Fed. R. Crim. P. 29, a motion for acquittal must be granted for "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). However, a jury's verdict creates a substantial burden. Pursuant to Rule 29, "[i]f a jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c). In conducting a sufficiency of the evidence review, the Court examines "the totality of the evidence, both direct and circumstantial." U.S. v. Gambone, 314 F.3d 163, 170 (3d Cir. 2003)(citing omitted). The evidence must be interpreted in the light most favorable to the government, as the verdict winner,

and all available inferences must be credited in favor of the government. Id. If any rational trier of fact could have found proof of guilt beyond a reasonable doubt based on the evidence presented, then the jury's verdict should be upheld. U.S. v. Brodie, 403 F.3d 123, 133 (3d Cir. 2005). Thus, the Court should find insufficiency only where "the prosecution's failure is clear." Id. (citing U.S. v. Smith, 294 F.3d 473, 477 (3d Cir. 2002)).

### III. PARTIES' CONTENTIONS

Mr. Fitzgerald contends that while the evidence presented at trial may have supported his conviction on Counts I-III, no evidence was presented to supported his conviction on Count IV, conspiracy to commit money laundering. (D.I. 92 at 7.) Specifically, Mr. Fitzgerald contends that the evidence presented only shows participation in drug transactions and not money laundering, as the shipment of cash to Texas was merely a part of the drug transactions and did not promote drug dealing. (Id.) Mr. Fitzgerald maintains that without an action taken outside of the actual drug transaction, there can be no conspiracy to commit money laundering.

In response, the Government contends that it provided sufficient evidence for the jury to conclude that all of the elements of conspiracy to commit money laundering were satisfied. (D.I. 93 at 6-7.) The Government also maintains that the cases cited by Mr. Fitzgerald are distinguishable, or in fact, support

3

the Government's position. (Id. at 9-11.)

**IV. DECISION**

Under 18 U.S.C. § 1956(a)(1), the statute used to charge Mr. Fitzgerald, there are four elements to money laundering in the context of the charged promotion motivated, as opposed to concealment motivated, conspiracy to commit money laundering:

> (1) the defendant conducted a financial transaction, which affected interstate commerce;
>
> (2) the defendant conducted the financial transaction with the proceeds of a specified unlawful activity;
>
> (3) the defendant knew the transaction involved the proceeds of some form of unlawful activity; and
>
> (4) the defendant intended to promote the carrying on of the specified unlawful activity.

See United States v. Morelli, 169 F.3d 798, 804 (3d Cir. 1999); (D.I. 77 at 52).

Mr. Fitzgerald does not dispute that the evidence presented at trial concerning his involvement in receiving Federal Express packages containing cocaine and shipping Federal Express packages containing cash acquired through the sale of the cocaine is sufficient to satisfy the first three elements of the charged conspiracy to commit money laundering. Mr. Fitzgerald's contention is that the evidence presented does not show any intention to promote the unlawful activity as it is merely evidence of the unlawful activity itself. (D.I. 92 at 7-10.)

4

In the Court's view, the Government proffered sufficient evidence for the jury to conclude that Mr. Fitzgerald intended to promote the ongoing cocaine distribution scheme through his shipments of cash from the East Coast to Texas. The Third Circuit has interpreted the "intent to promote" requirement broadly and determined that it is satisfied when a defendant uses proceeds from an illicit operation to sustain the continuation of that illicit operation. United States v. Conley, 37 F.3d 970, 978-80 (3d Cir. 1994)(noting that § 1956(a)(1) does not prohibit all use of proceeds of specified unlawful activity, only those uses that intend to promote further illegal activity). Applying this standard here, the Court concludes that the evidence demonstrating that Mr. Fitzgerald regularly shipped packages of cash through Federal Express to Texas is sufficient evidence that he intended to promote and continue the illicit activity of the drug distribution conspiracy. By continuing to cycle proceeds of drug sales into the purchase of additional drugs, the Court concludes that Mr. Fitzgerald demonstrated an intent to promote the continued existence of the cocaine distribution scheme as opposed to merely being engaged solely in a drug transaction.

In sum, the Court concludes that Mr. Fitzgerald's Motion for Judgment of Acquittal must be denied because the Government provided sufficient evidence to support the jury's conviction of Mr. Fitzgerald on Count IV.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant Harold Fitzgerald's Motion For Judgment Of Acquittal Under Federal Rule Of Criminal Procedure Rule 29 (D.I. 92) is **DENIED**.

July 30, 2010
DATE

_____
UNITED STATES DISTRICT JUDGE